## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **JALEE LONG,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No. CIV-20-658-SM** |
| **KILOLO KIJAKAZI,** | ) | |
| **Acting Commissioner of Social** | ) | |
| **Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Jalee Long (Plaintiff) brings this action for judicial review of the Commissioner of Social Security's final decision that she was not "disabled" under the Social Security Act. *See* 42 U.S.C. §§ 405(g), 423(d)(1)(A). The parties have consented to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). Docs. 21, 22.

Plaintiff asks this Court to reverse the Commissioner's decision and to remand the case for further proceedings, arguing the Administrative Law Judge (ALJ) erred in (1) failing to resolve a conflict between the Dictionary of Occupational Titles (DICOT) and the vocational expert's testimony; and (2) not incorporating the non-examining state agency psychologists' limitations into

the residual functional capacity[1] (RFC) assessment. Doc. 27, at 5, 10. After a careful review of the record (AR), the parties' briefs, and the relevant authority, the court reverses the Commissioner's decision. *See* 42 U.S.C. § 405(g).[2]

# I.    Administrative determination.

## A.    Disability standard.

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "This twelve-month duration requirement applies to the claimant's inability to engage in any substantial gainful activity, and not just [her] underlying impairment." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Barnhart v. Walton*, 535 U.S. 212, 218-19 (2002)).

## B.    Burden of proof.

Plaintiff "bears the burden of establishing a disability" and of "ma[king] a prima facie showing that [s]he can no longer engage in h[er] prior work

---

[1]    Residual functional capacity "is the most [a claimant] can still do despite [a claimant's] limitations." 20 C.F.R. §§ 404.1545 (a)(1), 416.945(a)(1).

[2]    Citations to the parties' pleadings and attached exhibits will refer to this Court's CM/ECF pagination. Citations to the Administrative Record will refer to its original pagination.

activity." *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). If Plaintiff

makes that prima facie showing, the burden of proof then shifts to the

Commissioner to show Plaintiff retains the capacity to perform a different type

of work and that such a specific type of job exists in the national economy. *Id.*

### C.   Relevant findings.

#### 1.   Administrative Law Judge's findings.

The ALJ assigned to Plaintiff's case applied the standard regulatory

analysis to decide whether Plaintiff was disabled during the relevant

timeframe. AR 14-34; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *see also*

*Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (describing the five-step

process). The ALJ found Plaintiff:

(1)   had not engaged in substantial gainful activity since May 10, 2018, the alleged onset date;

(2)   had the severe impairments of degenerative disc disease of the lumbar spine, degenerative joint disease affecting the right knee, right wrist derangement, fibromyalgia, gastroesophageal reflux disease, depression, and anxiety;

(3)   had no impairment or combination of impairments that met or medically equaled the severity of a listed impairment;

(4)   had the RFC for sedentary exertion work, with additional restrictions: she could frequently balance; she could occasionally stoop and kneel, but never crouch and crawl; she could never climb ladders, ropes, and scaffolds; she could understand, remember, carry out simple instructions, and make simple work-related decisions; and she could interact occasionally with supervisors, co-workers, and the public;

(5)     could not perform any past relevant work;

(6)     could perform jobs that exist in significant numbers in the
        national economy, such as addressing clerk, document
        preparer, and escort vehicle driver, each with a skill level
        (SVP) of 2; and so

(7)     had not been under a disability as defined by the Social
        Security Act from May 10, 2018 through September 13,
        2019.

AR 14-34.

## 2.     Appeals Council's findings.

The SSA's Appeals Council denied Plaintiff's request for review, so the

ALJ's unfavorable decision is the Commissioner's final decision here. *Id.* at 1-

6; *see Krauser v. Astrue*, 638 F.3d 1324, 1327 (10th Cir. 2011).

# II.     Judicial review of the Commissioner's final decision.

## A.     Review standard.

The Court reviews the Commissioner's final decision to determine

"whether substantial evidence supports the factual findings and whether the

ALJ applied the correct legal standards." *Allman v. Colvin*, 813 F.3d 1326,

1330 (10th Cir. 2016). Substantial evidence is "more than a scintilla, but less

than a preponderance" and means "only" "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." *Lax*, 489

F.3d at 1084; *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal

quotation marks and citation omitted). A decision is not based on substantial

evidence "if it is overwhelmed by other evidence in the record." *Wall*, 561 F.3d at 1052 (citation omitted). The Court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Newbold v. Colvin*, 718 F.3d 1257, 1262 (10th Cir. 2013) (citation omitted).

### B.    Issues for judicial review.

Plaintiff brings two claims of error: (1) the ALJ failed to resolve a conflict between the Dictionary of Occupational Titles (DOT) and the vocational expert's testimony; and (2) the ALJ failed to incorporate the non-examining state agency psychologists' limitations. The Court agrees the ALJ's RFC assessment requires remand, so it will not address Plaintiff's second claim of error, "because [it] may be affected by the ALJ's treatment of this case on remand." *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

## III.   The ALJ failed to resolve an apparent conflict between the DOT and the RFC.

The ALJ determined Plaintiff could perform sedentary work with additional restrictions, both exertional and nonexertional. AR 18-19. The pertinent nonexertional restriction stated: she could understand, remember, carry out simple instructions, and make simple work-related decisions. *Id.*

The state agency consultants found mild limitations in understanding, remembering and applying information and adapting and managing oneself, and moderate limitations in interacting with others, and concentrating,

persisting, or maintaining pace. *Id.* at 30. They also found that she could perform simple and some complex tasks. *Id.* at 30-31. The ALJ found these findings consistent with the objective medical evidence and made the same findings as the state agency consultants. *Id.* at 17-18, 31.

Plaintiff argues that two jobs the vocational expert identified at step 5 require a Level 2 reasoning (addressing clerk and escort vehicle driver), while the third (document preparer) requires a Level 3 reasoning. Doc. 27, at 9. The DOT defines six levels of reasoning development. Level 3 reasoning requires the ability to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form" and "[d]eal with problems involving several concrete variables in or from standardized situations." DOT App'x C, § III, 1991 WL 688702. Level 2 reasoning requires the ability to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions" and to "[d]eal with problems involving a few concrete variables in or from standardized situations." *Id.* Level 1 requires the ability to apply "common sense understanding to carry out simple one-or two-step instructions." *Id.*

An administrative law judge in a disability-benefit case has a duty to identify and resolve any apparent conflicts between the DOT and a vocational expert's testimony. SSR 00-4p, 2000 WL 1898704, at *2 (Dec. 4, 2000). To that

end, the ALJ must ask the vocational expert whether his or her testimony conflicts with the DOT. *Id.* at *4. Even if the vocational expert answers "no," the judge has a duty to independently identify and resolve any apparent conflicts before relying on the expert's testimony. *Id.*

Plaintiff maintains the RFC ignored her inability to understand, remember, and carry out instructions—the RFC assessment limited her to simple instructions and simple work-related decisions. Doc. 27, at 9 (quoting AR 18-19). Once again, the Court must determine whether the ALJ should have identified and resolved a conflict between the DOT and the testimony of the vocational expert. *See Cuskey v. Saul*, No. CIV-18-825-SM, 2019 WL 4452954, at *4 (W.D. Okla. Sept. 17, 2019). The Court again finds there is an apparent conflict between a limitation to "could understand, remember, carry out simple instructions, and make simple work-related decisions" (as found in Plaintiff's RFC) and a need to carry out "detailed but uninvolved . . . instructions" (as found in jobs requiring Level 2 reasoning). *Id.* Necessarily, there is a conflict between Plaintiff's RFC and a need to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form" (as found in jobs requiring Level 3 reasoning).[3] *See Paulek*

---

[3]    The Commissioner states that "even without the reasoning level 3 job of document preparer, the ALJ relied on a substantial number of jobs within the

*v. Colvin*, 662 F. App'x 588, 594 (10th Cir. 2016) ("[W]e have not spoken to whether a limitation to simple and routine work tasks is analogous to a limitation to carrying out simple instructions [but] the Eighth Circuit has held that a limitation to simple instructions is inconsistent with both level-two and level-three reasoning.").

So, the Court must ask another question—whether the ALJ asked the vocational expert about the apparent conflict between the jobs identified for Plaintiff and her capacity to do them. If a conflict exists and the ALJ investigated and resolved that conflict, the Court will affirm. But if a conflict exists that the ALJ did not investigate and resolve, the Court will reverse for her failure to ask the vocational expert to reconcile that conflict. *Haddock v. Apfel,* 196 F.3d 1084, 1091 (10th Cir. 1999) ("[T]he ALJ must investigate and elicit a reasonable explanation for any conflict between the [DOT] and expert testimony before the ALJ may rely on the expert's testimony as substantial evidence to support a determination of nondisability."); *see also* SSR 00-4p, 2000 WL 1898704, at *4 (Dec. 4, 2000) ("When vocational evidence provided by a [vocational expert] is not consistent with information in the DOT, the adjudicator must resolve this conflict before relying on the [vocational expert]

---

national economy." Doc. 28, at 6. The Court concludes the ALJ's error here extends to the reasoning level 2 jobs, so this argument is moot.

evidence to support a determination or decision that the individual is or is not disabled.").

So long as the ALJ fulfilled her duty to develop the record by inquiring of the vocational expert whether her answers were consistent with the DOT, the Court will not disturb her decision. *See* SSR 00-4p, 2000 WL 1898704, at \*4 ("When a [vocational expert] provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that [vocational expert] evidence and information provided in the DOT."). Here, as in *Cuskey*, the ALJ did not ask the vocational expert whether her testimony was consistent with the DOT. *See* AR 69-72. She did not ask the vocational expert about any conflict, presumably because neither she nor the vocational expert perceived one. *Cuskey*, 2019 WL 4452954, at \*4. The ALJ chose the representative jobs because the vocational expert testified that a person with the RFC later attributed to Plaintiff could perform them.

The Commissioner argues that Plaintiff's education and past work show she can perform reasoning Level 2 jobs. Doc. 28, at 7. She argues that with a twelfth-grade education and past semi-skilled reasoning Level 3 work, Plaintiff can perform reasoning Level 2 jobs. *Id.* at 7-8. And maintains Plaintiff's mental functioning has not significantly deteriorated and the medical evidence

supports no conflict for the vocational expert to explain. *Id.* at 8. But this Circuit has treated DOT reasoning development levels as something more than educational background. *See Hackett v. Barnhart*, 395 F.3d 1168, 1176 (10th Cir. 2005). Reasoning development levels – "at least in the absence of evidence to the contrary – [correspond] to the 'reasoning required by the jobs,' and require[] an explanation from the ALJ when they appear[] to conflict with an RFC." *C.P. v. Saul*, 2020 WL 6544582, at *6 (D. Kan. Nov. 6, 2020) (citing *Hackett*, 395 F.3d at 1176); *see, e.g.*, *Dickson v. Saul*, CIV-19-248-SM, 2019 WL 5684513, at *4 (W.D. Okla. Nov. 1, 2019) (listing cases rejecting the Commissioner's argument).

Because the Court perceives a conflict between the vocational expert's testimony and the DOT descriptions, and because the ALJ did not confirm the vocational expert's testimony was consistent with the DOT, the Court must reverse and remand. *See Haddock,* 196 F.3d at 1091-92; *see also Thomas v. Berryhill*, 916 F.3d 307, 314 (4th Cir. 2019), *as amended* (Feb. 22, 2019) ("We believe that [claimant], being limited to short, simple instructions, may not be able to carry out detailed but uninvolved instructions.").

## IV.    Conclusion.

Based on the above, the Court reverses and remands the Commissioner's decision.

**ENTERED** this 26th day of August, 2021.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE